UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE MRAZIK, etc., <br><br>    Plaintiff, <br><br>v. <br><br>C.H. ROBINSON COMPANY, et al., <br><br>    Defendants. | No. SA CV 12-2067-CAS (PLAx) <br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL CONTACT INFORMATION** <br>**(Docket No. 47)** |

Plaintiff in this putative class action for wage and hour violations alleges that defendants misclassified her as exempt, and failed to pay her overtime compensation. Defendants contend that plaintiff was indeed exempt from the overtime provisions. At issue in the instant Motion to Compel is one Interrogatory and one Request for Documents served by plaintiff on defendants, in which plaintiff sought the identity and contact information of putative class members. Defendants refused to provide certain of the requested information, claiming that employees who entered into an arbitration agreement with defendants may eventually be precluded from participating in the class. This Motion followed. The Court[1] has concluded that oral argument will not be of material assistance in determining plaintiff's Motion. See Local Rule 7-15.

---

[1] By Order dated May 11, 2015, this matter was reassigned to the undersigned Magistrate Judge.

Plaintiff, who was employed by defendants as a Transportation Representative, seeks to represent herself and all other Transportation Sales Representatives and Transportation Representatives employed by defendants from September 5, 2008, to the present. She contends that contact information of class members is "foundational" to a class action; that she needs this information prior to class certification as it is "likely to substantiate" her allegations; that the parties have agreed to a Belaire[2] notice to the putative class members, and defendants have produced a portion of the class list, but have retained contact information as to a number of class members as to whom they have asserted the protection of an arbitration agreement; that she is entitled to the identity and location of persons having knowledge of any discoverable matter, and such information is relevant to the commonality prong of class certification; and that she is entitled to the production of this information following the mailing of a notice and opt-out form to all putative class members. She further contends that the existence of the arbitration agreement is irrelevant, as the subject individuals are witnesses to defendants' conduct, and plaintiff is entitled to be "on an equal footing [with defendants] in this litigation." Plaintiff also seeks sanctions for the attorney's fees incurred in bringing this Motion. Plaintiff argues in her supplemental memorandum that the arbitration agreement, even if found to be valid[3], should not limit disclosure of the contact information, and that defendants are incorrect in presupposing the validity of the agreement,

---

[2] Belaire-West Landscape, Inc. v. Superior Court, 149 Cal.App.4th 554, 561 (Cal.App. 2 Dist. 2007). In class actions, parties have utilized both "opt-in" and "opt-out" letters when communicating with potential class members. "An 'opt-in' letter requires the recipient to manifest consent to disclosure of identifying information before his or her name or contact information will be released to the named plaintiff. An 'opt-out' letter requires no action by the recipient unless he or she wishes to prevent disclosure of his or her identifying information." Lee v. Dynamex, Inc., 166 Cal.App.4th 1325, 1331 n.2 (Cal.App. 2 Dist. 2008). In this action, the parties apparently have initiated an opt-out procedure. See Declaration of Kathleen J. Choi in Opposition to Motion, Ex. B; Declaration of Victoria B. Rivapalacio in Support of Motion, ¶¶ 8-9, Exs. 6-7. Defendants indicate they have provided contact information for current and former employees with the relevant title, who did not sign an arbitration agreement, to a third-party administrator who will give these employees an opportunity to object to disclosure of their contact information to plaintiff's counsel. Choi Dec., ¶ 2.

[3] On January 12, 2015, the same District Judge presiding over this action denied defendants' motion to compel arbitration in Poublon v. C.H. Robinson Company, et al., CV 12-6654-CAS (MANx), concluding that the subject arbitration agreement is unenforceable. Plaintiff's Supplemental Memorandum, Ex. 1.

especially where defendants agreed that the ruling in Poublon would govern this case. Supplemental Memorandum at 3-4 (citing Docket No. 39, ¶ 8). Plaintiff also complains that defendants agreed to produce the class list in its entirety, but then only produced about 15 percent of the list, providing the contact information for only 36 of the 231 possible total class members. Id. at 4.[4]

Defendants counter that this dispute is over whether plaintiff is entitled to the sought-after information at this stage of the litigation when certain employees may be precluded from participating in a class action altogether, as they agreed to arbitrate any claims against defendants on an individual basis; that if the arbitration agreement is enforceable the class will be defined to exclude them, and that the issue is presently on appeal in the Ninth Circuit[5]; that defendants have already produced the names and contact information for those putative class members who did not enter into an arbitration agreement; that if the sought-after information is ordered, and the Ninth Circuit then rules that the arbitration agreement is enforceable, then the subject employees will have "suffered a needless invasion of their privacy," and defendants a needless burden; and that plaintiff can obtain any necessary discovery from those employees who did not enter into arbitration agreements. They further argue that plaintiff has not shown that the discovery is needed at this time, especially since the subject individuals will be precluded from participating in the purported class if the arbitration agreement is ultimately upheld; that plaintiff has not shown that these employees have any information or knowledge relevant to class certification issues; and that the opt-out Belaire notice and opportunity to object does not adequately protect the privacy interests of these individuals. In their supplemental memorandum, defendants discuss the importance of a protective order to protect private contact information from potential abuse, and suggest an opt-*in* procedure if in fact the requested discovery is ordered.

---

[4] Kathy Arnold, defendants' Director of Human Resources, indicates that all but 37 of 262 employees with the relevant job titles entered into the subject arbitration agreement. Declaration of Kathy Arnold in Opposition to Motion, ¶ 4.

[5] Defendants represent that the District Judge declined to stay this action pending a ruling of the arbitration issue in the Poublon action.

3

As an initial matter, under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense."  Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial.  See Comcast of Los Angeles, Inc. v. Top End International, Inc., 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003); see also Fed.R.Civ.P. 26(b)(1) ("[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  The burden here is on defendants to show that discovery should not be allowed (Comcast, at *2, citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)); it is not up to defendants to decide what plaintiff needs to litigate this action.

While defendants are correct that individuals have a privacy interest in not having their personal information disclosed, this right is not absolute.  The Court has balanced the privacy objections being asserted by defendants against the relevance and necessity of the information being sought by plaintiff.  See Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (citing Lukaszewicz v. Ortho Pharmaceutical Corp., 90 F.R.D. 708, 709 (E.D. Wis. 1981)); Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (requiring a balance of a party's right to privacy against the importance of the information to the case).  In doing so, special attention has been paid to defendants' concern over their perceived duty to protect their current and former employees, as well as plaintiff's need to contact potential witnesses.  The Court finds that, given the safeguards in place here, plaintiff's interest in identifying potential witnesses here outweighs defendants' concern regarding their employees' privacy interests in their names and personal contact information. See McArdle v. AT&T Mobility LLC, 2010 WL 1532334, at *4-5 (N.D. Cal. Apr. 16, 2010) (balance of competing interests weighed in favor of disclosure of potential witnesses' identities and contact information because those individuals "could ... be considered persons having discoverable knowledge," and "witnesses cannot choose to opt out of civil discovery") (internal quotations and citations omitted); Tierno v. Rite Aid Corp., 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008) (plaintiffs' significant interest in identifying potential witnesses outweighed those individuals' privacy interests in their identities and contact information); Puerto

v. Superior Court, 158 Cal.App.4th 1242, 1252, 1256 (Cal.App. 2 Dist. 2008) (abuse of discretion for trial court to rule that an opt-in notification system was required to secure the consent of identified, potential witnesses to the primary issue in the litigation before disclosing their contact information to plaintiffs). Plaintiff has shown a legitimate need for the requested information to determine, among other things, issues related to the commonality prong of class certification. The existence of an arbitration agreement, the same agreement that has already been found to be unenforceable in a related action, does not change the analysis, given the liberal natural of discovery, the small number of putative class members whose contact information has been provided in relation to the total number of employees, and the refusal of the District Judge to stay discovery pending the appeal of the arbitration agreement issue. For the same reasons, the Court declines to impose an opt-in procedure in order for plaintiff to obtain this information. See McArdle, 2010 WL 1532334, at *4; Tierno, 2008 WL 3287035, at *3; Puerto, 158 Cal.App.4th at 1252. Moreover, since the filing of the Motion and the Supplemental Memoranda, a protective order has now been entered in this action, which will serve to further strike an appropriate balance between the need for the information and the privacy concerns. See, e.g., Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999) (approving of protective orders to protect non-parties from "the harm and embarrassment potentially caused by nonconfidential disclosure of their personnel files") (citations omitted).

Finally, the Court finds that defendants' initial nondisclosure of the subject contact information was based on a legitimate question and was thus substantially justified (although the Court frowns upon defendants' implicit initial agreement to turn over contact information for all employees [see, e.g., Supplemental Declaration of Victoria B. RIvapalacio, Exs. 2, 3] only to then turn over the information for just a small fraction of employees), and thus **denies** plaintiff's request for sanctions.

/

/

/

/

5

## CONCLUSION

Based on the above, plaintiffs' Motion to Compel is **granted**. **No later than May 22, 2015**, defendants shall provide complete responses to Interrogatory No. 6 and Request for Production No. 12 in the same manner that they provided names and contact information for those putative class members who did not enter into arbitration agreements.

DATED: May 13, 2015

                                          /s/ Paul L. Abrams
                                          PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE