JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MRAZIK, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>C.H. ROBINSON COMPANY; C.H. ROBINSON WORLDWIDE, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:12-cv-02067-CAS-PLA<br><br>Assigned to: Hon. Christina A. Snyder<br><br>**[PROPOSED] ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT**<br><br>Hearing Date:   August 22, 2016<br>Hearing Time:   10:00 a.m.<br>Judge:   Hon. Christina A. Snyder<br>Courtroom:   5 - 2nd Floor |

On August 22, 2016, a hearing was held on the motion of plaintiff Stephanie Mrazik ("Plaintiff") for final approval of the class settlement (the "Settlement") and approval of the payments to the Settlement Administrator, to the Plaintiff, and to Class Counsel.

The Parties have submitted their Settlement, which this Court preliminarily approved by its March 18, 2016, order (Docket No. 82) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. Pursuant to this Preliminary Approval Order, the Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") was sent to each class member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or Class Counsel's Fees and Expense Payment, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by

1  counsel at the final approval hearing and be heard regarding approval of the
2  Settlement. Adequate periods of time were provided by each of these procedures.

3      4.    The Court finds and determines that this notice procedure afforded
4  adequate protections to class members and provides the basis for the Court to make
5  an informed decision regarding approval of the settlement based on the responses of
6  class members. The Court finds and determines that the notice provided in this case
7  was the best notice practicable, which satisfied the requirements of law and due
8  process.

9      5.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*
10 ("CAFA"), not later than ten days after Plaintiff's motion seeking preliminary
11 approval of the Settlement was filed in court, Defendant served upon the Attorney
12 General of the United States and the appropriate state official of each state in which
13 a Class Member resides the CAFA Notice. This Final Approval Order is not being
14 issued earlier than ninety days after the later of the dates on which the appropriate
15 federal and state officials were served with the CAFA Notice of the Settlement.
16 Accordingly, the Court finds that Defendant has discharged its obligations under
17 CAFA to provide notice to the appropriate federal and state officials, and that 28
18 U.S.C. section 1715(e) has no applicability to the Settlement.

19     6.    No Class Members submitted written objections to the proposed
20 settlement as part of this notice process. Class Members who did not object to the
21 proposed settlement or who excluded themselves from the settlement have waived
22 any objections to the settlement and are foreclosed from making any comments or
23 objections to the Settlement (whether by appeal or otherwise).

24     7.    For the reasons stated in the Preliminary Approval Order, the Court
25 finds and determines that the terms of the Settlement are fair, reasonable and
26 adequate to the Class and to each Class Member and that the Class Members who
27 have not opted out will be bound by the Settlement, that the Settlement is ordered
28 finally approved, and that all terms and provisions of the Settlement should be and

- 2 -

1  hereby are ordered to be consummated. There was one valid request for exclusion
2  (opt out) submitted by Christopher Wyrick.

3      8. The Court finds and determines that the Gross Settlement Amount of
4  $1,000,000 and the Settlement Shares to be paid to the Claimants as provided for by
5  the Settlement are fair and reasonable. The Court hereby grants final approval to
6  and orders the payment of those amounts be made to the Claimants out of the Net
7  Settlement Amount in accordance with the Settlement.

8      9. The Court finds and determines that the fees and expenses of Gilardi &
9  Co. in administrating the settlement, in the amount of $15,000, are fair and
10 reasonable. The Court hereby grants final approval to and orders that the payment
11 of that amount be paid out of the Gross Settlement Amount in accordance with the
12 Settlement.

13     10. The Court finds and determines that the request by Plaintiff and Class
14 Counsel to the Class Representative Service Payment, Class Counsel Fees Payment,
15 and Class Counsel Litigation Expenses Payment are fair and reasonable. The Court
16 hereby grants final approval to and orders that the payment of the requested
17 amounts of $10,000 for the Class Representative Service Payment, $250,000 for the
18 Class Counsel Fees Payment, and $19,017.91 for the Class Counsel Litigation
19 Expenses Payment be paid out of the Gross Settlement Amount in accordance with
20 the Settlement.

21     11. Nothing in this order shall preclude any action to enforce the Parties'
22 obligations under the Settlement or under this order, including the requirement that
23 Defendant make payment in accordance with the Settlement.

24     12. Upon completion of administration of the settlement, the Settlement
25 Administrator will provide written certification of such completion to the Court and
26 counsel for the Parties.

27     13. If, for any reason, the Settlement ultimately does not become Final (as
28 defined by the Settlement), this Final Approval Order will be vacated; the Parties

1  will return to their respective positions in this action as those positions existed
2  immediately before the Parties executed the Settlement; and nothing stated in the
3  Settlement or any other papers filed with this Court in connection with the
4  Settlement will be deemed an admission of any kind by any of the Parties or used as
5  evidence against, or over the objection of, any of the Parties for any purpose in this
6  action or in any other action

7        14.    The Parties entered into the Settlement solely for the purpose of
8  compromising and settling disputed claims. Defendant in no way admits any
9  violation of law or any liability whatsoever to Plaintiffs and the Class, individually
10 or collectively, all such liability being expressly denied by Defendant.

11       15.    By means of this Final Approval Order, this Court hereby enters final
12 judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil
13 Procedure, in accordance with the terms of the Agreement, the Preliminary
14 Approval Order, and this Order (1) Granting Final Approval to Class Action
15 Settlement, and (2) Entering Final Judgment.

16       16.    Upon payment of the Settlement Shares to the Participating Class
17 Members, as described in the Agreement, the Participating Class Members shall be
18 deemed to have fully, finally, and forever released, relinquished and discharged all
19 Released Parties from all Released Class Claims, as detailed in the Agreement.
20 Upon payment of the Class Representative Service Payment to the named plaintiff,
21 plaintiff shall be deemed to have fully, finally, and forever released, relinquished
22 and discharged all Released Parties from Plaintiff's Released Claims, as detailed in
23 the Agreement.

24       17.    Without affecting the finality of this Final Approval Order in any way,
25 the Court retains jurisdiction of all matters relating to the interpretation,
26 administration, implementation, effectuation and enforcement of this order and the
27 Settlement.

28       18.    The Parties are hereby ordered to comply with the terms of the

Settlement.

19. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

DATED: _August 22, 2016_
_____

_____
HON. CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE

- 5 -

CASE NO. 8:12-CV-02067-CAS-PLA                                    PROPOSED ORDER